## Dimmick v. The C. B. & St. L. R. Co.

1. **Railroads:** APPROPRIATION OF RIGHT OF WAY: AWARD. An action will not lie upon the award of a sheriff's jury for damages for right of way, unless the right of way has been entered upon and appropriated by the company.

2. ——: ——: WHAT CONSTITUTES: TORT. Where a railway company duly condemned a right of way, which included a portion of plaintiff's lot, and without paying the award entered thereon, but did not actually occupy any portion of plaintiff's property or disturb the fence around it, it was held that the company had not made such an appropriation of the property as to have been guilty of a tort, and that it was not liable to pay the award.

3. ——: ——: ——: ACTS OF APPROPRIATION. The fact that defendant permitted a telegraph company to construct a telegraph line over and across that portion of plaintiff's lot within the right of way, and allowed the return of award to be recorded, did not amount to a tort, or raise an implied contract to pay the award.

*Appeal from Pottawattamie Circuit Court.*

Monday, June 12.

Action upon an award of a sheriff's jury for damages for right of way. There was a trial to a jury, and verdict, and judgment rendered for the plaintiff. The defendant appeals.

*D. H. Solomon,* for appellant.

*Clinton, Hart & Brewer,* for appellee.

Adams, J.—One of the questions presented in this case, is as to whether an action will lie upon an award of a sheriff's

1. RAILROADS: appropriation of right of way: award.

jury for damages for a right of way. That it will not unless the right of way has been entered upon and appropriated by the company seems to be conceded by the plaintiff, and such we have no doubt is the correct rule. *Gear v. Dubuque & Sioux City R. R. Co.,* 20 Iowa, 523; *Stacey v. Vermont Central R. R. Co.,* 27 Vt., 39. The difficulty in this case arises when we undertake to deter-

mine whether the defendant has entered upon and appropria-
ted the right of way *where it embraces the plaintiff's land.*
The essential facts appear to be as follows: The defendant
having located and being about to construct its road to a point
within the city of Council Bluffs, determined to condemn for
a right of way in the city a strip of land sixty feet wide.    A
small portion of lot 13, block  12, in Howard's addition to
Council Bluffs, owned and occupied by the plaintiff, fell
within the sixty feet strip, but did not extend across the same.
The defendant desiring to condemn so much of the lot as fell
within the sixty feet strip gave her a written notice of the in-
stitution of proceedings for condemnation, in which the defend-
ant said that it "has located its line of railway over lot 13, block
12, in Howard's addition to Council Bluffs, and finds it nec-
essary and desires to take and hold for right of way purposes
so much of said lot as falls within a strip of the uniform
width of sixty feet, through the center of which strip the
center line of said railway is located, as such center line is
now staked and marked upon the ground and shown upon the·
plat and diagram of the land, now on file with the sheriff of
the county." Proceedings for condemnation were had as the
statute provides, and an award was made to the plaintiff of
$600.   The report of the jury containing their award was re-
corded, and there is some evidence tending to show that it
was recorded by order of the defendant.    The defendant, with-
out paying the award, entered upon the strip and laid its track
along the part of it which did not embrace the plaintiff's land.
The plaintiff's land has been fenced and the fence was not
disturbed, nor has the defendant in any way actually occupied
any part of it, and the defendant claims that it has no intention
of occupying it.   A telegraph wire has been stretched across
it, but that has been done by a company not shown to have
any connection with the defendant, except·that the defendant
may to some extent have employed the telegraph company for
purposes connected with the operation of its road.

The court instructed the jury in these words: "If the de-

fendant, or any one else with its permission, has constructed
2. ——: ——: on said right of way a telegraph line, the use of
<sub>what consti-</sub>
<sub>tutes : tort.</sub> · which is incidental to the operation of a railroad,
and said telegraph line passes over any part of the plaintiff's
lot, this would be such an appropriation as will make the
defendant liable to pay the assessment."

.The court also .instructed the jury that "If the report was
placed in the office of the recorder in pursuance of the direc-
tion of the defendant, or its agent, although it may have been
by mistake of such agent, and without the defendant's actually
intending to have it recorded, still this would make the de-
fendant liable for the assessment, unless it has since done
something to retrieve the mistake and cancel the record."

The court also gave an instruction which carried an impli-
cation that the construction of the defendant's road over the
right of way rendered the defendant liable to pay for that
part embraced in plaintiff's lot, unless it notified the plaintiff
or the sheriff that it had abandoned that part. Errors are as-
signed upon all the instructions. We have grouped them to-
gether because we desire to advance some considerations re-
specting them, which are applicable in a general way.

We have already seen that no action arises upon an award
like this, simply by reason of its rendition. In *Gear v. Rail-
road Company*, above cited, Cole, J., said: "The proceedings
for condemnation simply fix the price at which, upon actual
payment, the company may take the right of way." The
award does not then of itself constitute a cause of action.
The title to the right of way does not pass to the company
until it has made payment. If it enters before payment it is
a trespasser, and may be held liable in damages as for a tort.
It may also be enjoined. Possibly, if the defendant in this
case has been guilty of a tort, the plaintiff might waive the
tort, and treat the defendant's acts as having been done under
a contract. We are inclined to think that the defendant in
such an action would not be allowed to set up that its acts
were tortious and thereby escape liability as upon a contract.

Now, if we had a case here in which the plaintiff, if she had so elected, might have maintained an action for a tort, we are not disposed to deny that she can maintain this action. But we are unable to see that she could have maintaind an action for a tort. The defendant has so far been guilty of no actual interference with her land. That she has sustained some incidental injury from smoke and dust and the noise of moving trains, we think is very probable. But that alone does not give a cause of action. To enable her to recover for such injury there must have been other injury to which the injury from the smoke, etc., is incident. *Hatch v. Vermont Central R. R. Co.*, 25 Vt., 49; *Kucheman & Hinke v. R. R. Co.*, 46 Iowa, 375.

The defendant was not guilty of a tort in patronizing the telegraph company which had stretched its line over the plaintiff's land, nor is this so even though the defendant consented to the erection of the line. If the defendant had consented that the telegraph company might stretch its line over that part of the plaintiff's lot not embraced in the sixty feet, it would not be contended that such consent would have made it a trespasser. But the case is not different. To constitute the acts of the telegraph company the acts of the defendant, it should appear that the telegraph company was the agent or employe of the defendant in the erection of the line.

3. ——: ——: ——: acts of appropriation.

The allowing of the award to be recorded by mistake, if that was done, was not a tort, nor did any title by reason of such record pass to the defendant so as to raise an implied contract to pay the amount of the award.

It is possible that if the defendant purposely allowed the award to be recorded, such act should be deemed to be equivalent to an express acceptance of the award, and agreement to pay the amount thereof. But such question is not before us. The evidence that the defendant purposely allowed the award to be recorded is very slight and not without conflict.

As to whether the defendant could be deemed to have ac-

cepted the award, and to have agreed to pay the amount thereof, by reason simply of not having corrected the mistake, if the award was recorded by mistake, we have to say that if, under any circumstances, such failure could be deemed an acceptance and agreement to pay, it could not certainly be deemed to have such effect until the fact of the mistake had become known to the defendant, and until it had had a reasonable time to correct the mistake. We see no evidence that the fact of the mistake had become known to the defendant prior to the bringing of the action.

Now, if the defendant has not received anything for which the law would imply a contract to pay, nor done, nor omitted to do, anything from which an acceptance of the award and agreement to pay the amount thereof can be inferred, nor done any tortious act which would have given the plaintiff a right of action as for tort, but which tort the plaintiff might waive by electing to assume that the act was done under a contract, then we think that there was no contract, and that the plaintiff cannot recover. Under these views the instructions above set out, as given by the court, cannot be sustained.

REVERSED.