DIMMICK v. THE COUNCIL BLUFFS & ST. LOUIS R'Y CO.

1. **Instructions**: MUST REGARD THE EVIDENCE.  An instruction which
   takes for granted a state of facts not supported by the evidence is erro-
   neous.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 11.

ACTION upon a commissioners' award of right of way
damages.

There was a verdict for the plaintiff, and judgment was rendered thereon.    The defendant appeals.

*D. H. Solomon*, for appellant.

*M. P. Brewer*, for appellee.

ADAMS, J.—This case is before us upon a second appeal. See 58 Iowa, 637.   The evidence shows that a small triangular piece of land, amounting to about thirty-five square feet, belonging to the plaintiff, was embraced in the defendant's right of way proceedings for condemnation.   The commissioners awarded the plaintiff $600.   The defendant, regarding the award as excessive, and, concluding that it did not need the land, decided not to take it, and it has never in any way interfered with the plaintiff's enjoyment of it.

But the plaintiff claims that a telegraph wire has been stretched across the land by the defendant, and that, such being the fact, the commissioners' award of right of way damages has become payable.

The court below gave an instruction upon the theory that there was evidence tending to show that a telegraph wire had been stretched across the land by the defendant.   The court said:  "If the defendant has constructed a telegraph line upon the right of way in question for the purpose of use in the operation of its railway, and said telegraph line passes over or upon the part of the plaintiff's lot in question, this will constitute such an appropriation of the said ground to use in the operation of its railway as will make the defendant liable to pay the award in question."

The defendant contends that there was no evidence upon which this instruction could be based.

The evidence which the plaintiff relies upon is the testimony of her husband.   He was examined as a witness in her behalf, and testified that the wire was stretched across lot 13, of which lot the land in question is a part, but he did not say that it was stretched across the land in question.   It is true,

if it was stretched across lot 13, and was kept at all points within the land embraced within the original belt sought to be condemned, it would follow by necessity that it was stretched across the land in question.    But it is not shown that the line was kept within that belt.    It would not follow that it was, even if the poles were, for, if there was a curvature at that point,—and it is not shown that there was not—the line might be stretched over the part of the lot not within the belt.    No other evidence is relied upon by the plaintiff, and we have to say that we see none upon which the instruction can be sustained.

REVERSED.